Dear Representative Winchester,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following questions:
1. Are those jurisdictions which pay the cost of thecomprehensive program for visual inspection of taxable realproperty provided an opportunity to protest before the countyexcise or budget board the amount allocated to the visualinspection program?
 2. Is there a specific procedure or formula that a countyassessor must use to determine what operating expenses areattributable to the visual inspection program?
¶ 1 Title 68 O.S. 2820 (1991) provides for "a comprehensive program for the individual visual inspection of all taxable real property." The program is to be systematically performed by county assessors on a continuous basis and to be completed in cycles of no more than four (4) years. Section 68 O.S. 2823 of Title 68 requires each county assessor to prepare and file a budget with the county excise/budget board for the visual inspection of real property in the county:
 A. For the fiscal year beginning July 1, 1992, and each year thereafter, the cost of the comprehensive program of visual inspections for real property shall be paid by appropriate warrants from those who receive the revenues of the mill rates levied on the property of the county as prescribed by this section. The county assessor shall prepare a budget for the comprehensive program of visual inspections for real property and file such budget with the county excise board or county budget board.
 B. The county excise board or county budget board shall apportion such cost among the various recipients of revenues from the mill rates levied, including the county, all cities and towns, all school districts, all sinking funds of such recipients, and all jurisdictions specified in subsection D of this section, in the ratio which each recipient's total tax collection authorized from its mill rates levied for the preceding year bears to the total tax collection authorized of all recipients from all their mill rates levied for the preceding year. The cost shall include only those expenses directly attributable to the visual inspection program and shall not include any expenses of the office of the county assessor which, in the judgment of the county excise board or county budget board, are expenses of the county assessor's office which would exist in the absence of such program. Expenses that are attributable to both the visual inspection program and which would exist in the absence of such program, including but not limited to salaries, employee benefits, office supplies and equipment, may be prorated; provided, no portion of the salary of the county assessor shall be included in such costs. (emphasis added.)
68 O.S. 2823 (1998)
¶ 2 Your first question asks whether recipients of ad valorem revenues, who pay the cost of the program, may "protest" the amount allocated by the county budget or excise board to the visual inspection program. Section 68 O.S. 2822 of Title 68 provides two opportunities for recipient jurisdictions which receive ad valorem revenues to provide input into the amounts allocated for the visual inspection program. Section 2822 provides in pertinent part:
 (B) Each jurisdiction within a county which receives revenue from an ad valorem mill rate shall receive a copy of the budget for the countywide visual inspection program for that county. The county excise board or county budget board shall notify all such jurisdictions of any meetings at which discussion or action on the budget for the comprehensive program of visual inspections is or may be on the agenda. Such jurisdictions shall have the opportunity to appear before the county excise board or the county budget board, prior to approval of such budgets, to provide testimony, comments, information and documentation concerning the budgets submitted by the county assessor pursuant to subsection A of this section.
 (C) The several county excise and budget boards, in passing upon budgets submitted by the several assessors, shall authorize and levy amounts which will suffice to carry out the countywide visual inspection program as approved by the Oklahoma Tax Commission under Section 2820 of this title. . . . Any disputes as to the amount authorized to carry out the countywide visual inspection program shall be resolved by the county excise board; provided, the Oklahoma Tax Commission shall take such action as may be necessary to ensure that such amounts are used exclusively to carry out the countywide visual inspection program and that the allocation of such amounts does not serve to decrease other funds allocated to the office of county assessor. (emphasis added.)
68 O.S. 2822 (1998).
¶ 3 After a county assessor has filed a proposed budget, Section 68 O.S. 2822(B) requires the county excise/budget board to send each jurisdiction receiving ad valorem revenue a copy of the booklet as well as a notice of board meeting where the budget for the visual inspection program will be discussed. Before the budget is approved, a tax recipient jurisdiction may appear before the board to give their "testimony, comments, information and documentation" concerning the proposed budget. At this stage, the statute provides for input into the final budget which would include an opportunity to "protest" any of the proposed figures or expenses. In addition, Section 68 O.S. 2822(C) provides for resolving disputes regarding the amount authorized to carry out the visual inspection program after the county board approves the budget. Section 68 O.S. 2822(C) applies to the post-approval stage of the budget process.
¶ 4 The county excise or budget board must authorize and levy amounts sufficient to carry out the visual inspection program. The statute further provides that any disputes be presented to and resolved by the county board. Subsection (C) does not specify who may present a dispute to the board. If we read subsections (B) and (C) together, keeping in mind that they were intended by the Legislature to work together and create a single context, it appears that the "jurisdictions" mentioned in Section (B) are the parties who have standing to dispute budget amounts before the county excise/budget board. In answer to your first question, Section 2822 of Title 68 does provide an opportunity for tax recipient jurisdictions to protest the assessor's proposed budget as it relates to countywide visual inspection. Establishing the budget is the function of the county excise/budget board with input from the jurisdictions receiving ad valorem revenue. The county budget/excise board may, after such input, amend the budget. There is no authority, however, for a tax recipient jurisdiction to amend the budget.
¶ 5 Your second question asks whether there is a specific procedure or formula that a county assessor must use to determine what operating expenses are attributable to a visual inspection program.
¶ 6 Section 68 O.S. 2823 of Title 68 provides that the costs of visual inspection shall include only those expenses directly attributable to the visual inspection program. In answer to your second question, however, there is no specific procedure or formula that a county assessor must use to determine which expenses are attributable to the visual inspection program. Section 68 O.S. 2822(A) of Title 68 merely provides that each county assessor shall, in the budget he or she submits to the county excise/budget board, "make adequate provision to effectuate countywide visual inspection of real property during the four-year cycle." Section 2822(C) requires that funds for the visual inspection programs be separate from other funds allocated to the assessor's office. The statute authorizes the Oklahoma Tax Commission to ensure that funds allocated for the program are used exclusively for that purpose and that the assessor does not decrease the amounts allocated for other purposes to supplement the visual inspection program. The statute is otherwise silent regarding the assessor's use of any particular procedure or formula to allocate the amount for the program.
¶ 7 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 1. Those jurisdictions which pay the cost of the comprehensiveprogram for visual inspection of taxable real property are,pursuant to 68 O.S. 2822 (1998), provided an opportunity toprotest before the county excise or budget board, the amountallocated to the visual inspection program. Tax recipientjurisdictions are not, by law, allowed to amend the budgetapproved by the county excise/budget board.
 2. Section 68 O.S. 2823 of Title 68 provides that the costof visual inspection shall include only those expenses directlyattributable to the visual inspection program. There is nospecific procedure or formula that a county assessor or a countybudget/excise board must use in determining what operatingexpenses of the assessor are attributable to the visualinspection program.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL